UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NATURA DEVELOPMENT N.V.,

        Plaintiff,       19-cv-1797 (PKC)

  -against-          OPINION
                AND ORDER

HEH ADVISORS LLC and ANDREW J.
HERZBERG,

        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Natura Development N.V. ("Natura") has filed a Second Amended Complaint ("SAC") in this diversity action against HEH Advisors LLC ("HEH") and Andrew J. Herzberg. Its first claim for relief is for breach of a November 30, 2018 agreement to act as an equity advisor tasked with finding potential financing for a real estate development project (the "Agreement"). In its motion for judgment on the pleadings, HEH does not seek any relief with regard to this claim. HEH does, however, seek dismissal of an assortment of New York common law claims—breach of the implied covenant of good faith and fair dealing, fraud, unjust enrichment, money had and received, and breach of fiduciary duty. Herzberg joins in seeking dismissal of these claims, as well as the breach of the Agreement claim. Natura seeks judgment on the pleadings to dismiss HEH's counterclaim for breach of the Agreement.

    For reasons that will be explained, the motions of HEH and Herzberg will be granted in part and denied in part, and the motion of Natura will be denied as to the breach of contract claim.

BACKGROUND

The following facts are taken from the SAC and are accepted as true for the purposes of HEH and Herzberg's motion. The facts taken from the counterclaim are accepted as true for the purposes of Natura's motion.

Natura is a real estate development company organized and headquartered in Aruba. (SAC ¶ 2.) Natura retained HEH to be its debt/equity or capital advisor for the purpose of obtaining financing in the amount of $57 million for the construction of a hotel in Aruba. (Id. ¶ 17.) Natura paid HEH an upfront retainer fee of $150,000, which was to be credited against any fee owed to HEH for successfully producing a funding source. (Id. ¶¶ 2; 18.) If HEH obtained for Natura an approved funding source "secured and documented by agreement, then in consideration for the services," Natura would pay HEH a placement fee of 2% of the amount of the loan. (Agreement (Doc 38, Ex. C) ¶ 6.) The Agreement, which is quoted extensively in the SAC and may be considered on this motion, is a four-page single-spaced letter agreement with a New York choice of law provision and a merger and integration clause. (Id. ¶ 14.) A point of importance to Natura was the non-exclusive retention of HEH, meaning that Natura could retain and deal with other advisors and funding sources without owing HEH a further fee. (Id. ¶ 8; SAC ¶ 20.)

HEH is a New York limited liability company, with Herzberg and his wife, both New York citizens, as members. (SAC ¶ 7.) HEH executed the Agreement and is named therein as a party. Herzberg, the "Managing Partner of HEH," is not named in the Agreement as either a party or signatory. (Id. ¶ 6.)

In December 2018, HEH facilitated a meeting between a Natura representative, Mr. Joan Fereira, and a representative of Oz Real Estate ("Oz"), a potential financing source.

(Id. ¶ 31.)  At the meeting in New York, "Mr. Herzberg wrongfully and fraudulently advised Mr. Fereira (whose native language is not English to sign a term sheet with Oz, falsely representing that such term sheet was non-exclusive."  (Id. ¶ 32.)   Natura paid a $250,000 retainer fee to Oz, but when "Natura discovered the wrongful exclusivity restriction . . . [it] terminated its negotiations with Oz" and Oz returned the $250,000 fee to Natura "minus nominal expenses . . . ."  (Id. ¶¶ 35-36.)

Natura has repeatedly requested that HEH and Herzberg return the $150,000 retainer fee.  (Id. ¶¶ 38-39.)  Natura sued HEH and Herzberg for $150,000 for breach of the Agreement, alleging that HEH did not fulfill its obligations under the Agreement and Herzberg is the alter ego of HEH.  Natura has also asserted state law claims for breach of the implied covenant of good faith and fair dealing, fraud, breach of fiduciary duty, conversion, unjust enrichment, and money had and received.  (Id. ¶¶ 41-98.)  HEH has counterclaimed against Natura alleging that it breached the letter of intent with Oz, thereby depriving HEH the opportunity to earn 2% of the financing.[1]

DISCUSSION

I.  RULE 12(c) STANDARD

The same standard applies to a motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. as applies to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir. 1987).  Therefore, the Court accepts the allegations in the complaint as true, and draws all inferences in the non-moving party's favor. Id.; Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002).  "To survive a Rule 12(c) motion, [the]

---

[1] HEH has withdrawn its Second Counterclaim.  (Defs.' Reply Mem. (Doc 40) at 7.)

complaint must contain sufficient factual mater, accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks and citation omitted).

II. NATURA'S CLAIMS AGAINST HEH AND HERZBERG

    A. Breach of Contract against Herzberg.

Natura's breach of contract claim against HEH is not a subject of defendants' motion for judgment on the pleadings. (Doc 40 at 1; 5.) However, the breach of contract claim against Herzberg will be dismissed.

Under New York law, a corporate officer cannot be held personally liable on a contract of the corporation. Gold v. Royal Cigar Co., 105 A.D.2d 831, 832 (2d Dep't 1984) (citing Cavalla v. Ernest F. Elliot, Inc., 86 A.D.2d 884 (2d Dep't 1982)). With exceptions not relevant here, the same is true of members of an LLC. N.Y. Limited Liability Company Law § 609(a); Georgia Malone & Co. v. Rieder, 86 A.D.3d 406, 408 (1st Dep't 2011), aff'd, 973 N.E.2d 743 (N.Y. 2012) (contract claim against member of LLC dismissed where the contract was with the LLC).

Natura's allegation that Herzberg is an alter ego of HEH is entirely conclusory—it merely recites that Herzberg is an alter ego of HEH (SAC ¶ 47)—and therefore does not plausibly allege a basis for alter ego status or veil piercing. Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank, 552 F. App'x 13, 15 (2d Cir. 2014) (summary order); Arctic Ocean Int'l, Ltd. v. High Seas Shipping Ltd., 622 F. Supp. 2d 46, 55 (S.D.N.Y. 2009) (collecting cases); see also Cusumano v. Iota Indus., Inc., 100 A.D.2d 892, 893 (2d Dep't 1984). Natura relies upon CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 316 F. Supp. 3d 635, 647 (S.D.N.Y. 2018) (Sweet, J.) for the proposition that a plaintiff "need only detail the factual allegations to the

degree required by Federal Rule of Civil Procedure 8(a)'s liberal pleading standard to show the domination or control necessary to pierce the corporate veil." But one need only look at the facts plausibly alleged in detail in CBF Industria to see the stark difference between that case and the conclusory allegation in this case, which merely uses the term "alter ego." Compare Am. Compl. ¶¶ 93-120, CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 316 F. Supp. 3d 635 (S.D.N.Y. 2018) (No. 13-cv-2581), with SAC ¶ 47.

For these reasons, Natura has not stated a breach of contract claim against Herzberg, and it will be dismissed.

### B. Implied Covenant of Good Faith and Fair Dealing.

Natura's claim of breach of the implied covenant of good faith and fair dealing alleges nothing more than an intent not to perform the obligations under the Agreement and the non-performance of those obligations. It seeks the same damages for essentially the same alleged wrong as the breach of contract claim. (See SAC ¶¶ 81-83.) "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002).

"For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." Aventine Inv. Mgmt. v. Canadian Imperial Bank of Commerce, 265 A.D.2d 513, 514 (2d Dep't 1999). The SAC itself alleges that HEH induced Natura to enter into a letter of intent with Oz, which, if financing had been secured, would have led to a 2% commission paid to HEH,

net of the retainer fee. (SAC ¶ 32; Agreement ¶ 6.) This is inconsistent with an intent to prevent performance or withhold its benefits.

The breach of the implied covenant claim will be dismissed against both HEH and Herzberg.

### C. Fraud.

Fairly read, Natura alleges two distinct frauds: one that is actionable and one that is not. As will be described more fully, the actionable fraud alleges that defendants made an affirmative misstatement of fact that fraudulently induced Natura to enter into a term sheet with a would-be lender, Oz, that triggered an obligation under the Agreement to pay the other half of the $150,000 retainer fee to HEH, which it in fact paid. (SAC ¶¶ 51-56; Agreement ¶ 3.) The non-actionable fraud is one that parallels the breach of contract claim and alleges that defendants did not perform as required by the contract and never intended to do so. (SAC ¶¶ 57-63.)

Under New York law, a claim for fraud must be distinct from a claim for breach of contract. See River Glen Assocs., Ltd. v. Merrill Lynch Credit Corp., 295 A.D.2d 274, 275, (1st Dep't 2002). "[W]here a fraud claim seeks to enforce no more th[a]n the breached promises and obligations of a contract, rather than additional damages incurred as a result of the breach, the claims are merely redundant and must be dismissed." R.H. Damon & Co., Inc. v. Softkey Software Products, Inc., 811 F. Supp. 986, 992 (S.D.N.Y.1993) (citing Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd., 108 A.D.2d 607, 607 (1st Dep't 1985), appeal dismissed, 65 N.Y.2d 637 (N.Y. 1985).). While the misrepresentation of an intention to perform under the contract is insufficient to allege fraud, a misrepresentation of a material fact that is collateral to and induces the contract is sufficient to allege an independent claim of fraud. Mendelovitz v. Cohen, 37 A.D. 3d 670, 671 (2d Dep't 2007) (citing Ross v. DeLorenzo, 28 A.D.3d 631, 636 (2d Dep't

2006)); see Krantz v. Chateau Stores of Can. Ltd., 256 A.D.2d 186, 187 (1st Dep't 1998). In cases where a plaintiff alleges both a breach of contract and fraud, "a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract . . . ; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract . . . ; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir.1996) (citations omitted); see McKernin v. Fanny Farmer Candy Shops, 176 A.D.2d 233, 234 (2d Dep't 1991).[2]

Natura alleges that "HEH and Herzberg made false representations in order to induce Natura to pay HEH" the $150,000 retainer fee. (SAC ¶ 51.) According to the SAC, the Agreement obligating Natura to pay $150,000 was entered into on or about November 30, 2018. (Id. ¶ 16.) The Complaint alleges that Natura paid the fee by a wire transfer into defendants' account "[i]n or about December 2018." (Id. ¶ 18.) Pointedly, it does not provide the date of the transfer. The Agreement, however, provides that one-half of the retainer was "due and payable" on the date of execution of the Agreement; the other half was "due upon execution of a final term/sheet commitment with a Lender." (Agreement ¶ 3.)

Natura further alleges the following: "Specifically, in December 2018, during Mr. Fereira's trip to New York, Mr. Herzberg and HEH wrongfully and fraudulently advised Mr. Fereira (whose native language is not English) to sign a term sheet with Oz for the Project, falsely representing that such term sheet was non-exclusive." (SAC ¶ 52.) Natura alleges that "[d]efendants knew that their representations to Mr. Fereira and Natura were false when made and that Natura would rely on Mr. Herzberg's and HEH's purported expertise and sign the term

---

[2] The foregoing principles and case law were previously laid out by this Court in International Design Concepts, LLC v. Saks Inc., 486 F. Supp. 2d 229, 237 (S.D.N.Y. 2007).

sheet, resulting in the Retainer Fee being paid to HEH and Mr. Herzberg." (Id. ¶ 54.) As noted, the SAC alleges that the term sheet with Oz required an exclusive arrangement with Oz but Mr. Fereira was falsely told that the term sheet was actually non-exclusive. (Id. ¶¶ 32-34.) Natura expressed a desire to rescind the Oz term sheet, and Oz later returned the $250,000 it was paid less certain expenses. (Id. ¶¶ 35-36.) At the point the term sheet was signed, however, the second half of the $150,000 retainer had become due and owing to HEH. (Agreement ¶ 3.)

Natura has alleged with particularity the elements of a fraud claim that is distinct from its breach of contract claim. Rule 9(b), Fed. R. Civ. P. The fraud claim arises out of the contractual relationship, but alleges that the collateral misstatement induced Natura to enter into a term sheet that in turn caused it to be obligated to pay the second half of the retainer fee to defendants. Natura in fact paid the full retainer fee before it learned of the falsity of the representation. (SAC ¶ 54.)

The balance of Natura's fraud claim parallels the breach of contract claim: "[d]efendants also falsely represented to Mr. Fereira and Natura that HEH would provide all services called for" in the Agreement (SAC ¶ 57), but "in fact, failed to perform any services required by the [] Agreement." (Id. ¶ 60.) Such allegations echo the breach of contract claim almost exactly, and Natura seeks the same relief in both causes of action. (Id. ¶ 45; 48; 62.)

Further, "[w]here the only proof [of fraud] is that the defendant failed to keep his promise, it is insufficient to establish that the defendant did not intend to perform at the time the promise was made." Brown v. Lockwood, 76 A.D.2d 721, 732–33 (2d Dep't 1980). Natura has not alleged with particularity facts that would support a reasonable inference that defendants did not intend to perform the Agreement at the time they entered into it. See id. 731-33. Natura has not come forward with a plausible allegation as to why defendants would not desire and intend to

- 8 -

perform on the Agreement that stood to earn them a 2% fee on $57 million in financing. Indeed, the introduction of Oz was at odds with an intent not to perform under the Agreement.[3] So much of the fraud claim as alleges an intent not to perform the contract will be dismissed. The balance of the fraud claim states a claim for relief.

>D. Breach of Fiduciary Duty.

Natura alleges that HEH and Herzberg breached their fiduciary duties to Natura. To state a claim of breach of fiduciary duty under New York law, the plaintiff must plausibly allege "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011) (citing Barrett v. Freifeld, 64 A.D.3d 736 (2d Dep't 2009).) In their motion, defendants do not challenge the existence of a fiduciary duty but urge that the breach of fiduciary duty claim is duplicative of the breach of contract claim and therefore ought to be dismissed. William Kaufman Org., Ltd. v. Graham & James LLP, 269 A.D.2d 171, 173 (1st Dep't 2000) ("A cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand."); see also Bullmore v. Banc of Am. Secs. LLC, 485 F. Supp. 2d 464, 469 (S.D.N.Y. 2007) ("Under New York law, claims of fraud and breach of fiduciary duty that merely duplicate contract claims must be dismissed.").

To the extent that Natura bases its claim on the allegation that defendants "breached their fiduciary duty to Natura by failing to perform any services required under the [] Agreement for the Retainer Fee, and by wrongfully converting the money [i.e. the $150,000 retainer fee] to their own personal benefit" (SAC ¶ 96), it is duplicative of the breach of contract

---

[3] As noted, the Agreement unambiguously made Natura's arrangement with HEH non-exclusive. (Agreement ¶ 8.) But the Agreement said nothing restricting the lending sources to a non-exclusive arrangement. That, of course, does not mean that defendants could not have committed a fraud by falsely telling Natura that the arrangement with Oz was non-exclusive.

claim. But so much of the claim that alleges that defendants breached their duties "by wrongfully advising Natura to sign the term sheet with Oz on a non-exclusive basis" plausibly alleges a breach collateral to the Agreement and states a claim for relief for much the same reason that a portion of the fraud claim survives. (Id. ¶ 95.)

The motion for judgment on the pleadings will therefore be granted in part and denied in part as to the breach of fiduciary duty claim.

### E. Conversion.

"Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Peters Griffin Woodward, Inc. v. WCSC, Inc., 88 A.D.2d 883, 883 (1st Dep't 1982). Specifically identifiable money is capable of being converted. Id. Natura alleges that by not performing under the Agreement, HEH has converted the $150,000 retainer fee paid under the contract. "However, an action for conversion cannot be validly maintained where damages are merely being sought for breach of contract." Id. at 884. The retainer fee was not intended to be separately segregated or identified funds, but rather HEH's base compensation for performing under the Agreement. If, as Natura alleges, HEH failed to perform, Natura's remedy lies in a claim for breach of contract.

The conversion claim against HEH and Herzberg will therefore be dismissed.

### F. Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." Georgia Malone & Co. v. Rieder, 973 N.E.2d 743, 746 (N.Y. 2012) (quoting Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1110 (N.Y. 2011).) When a plaintiff has asserted a claim based

upon a valid and enforceable contract, an unjust enrichment claim should be dismissed as redundant. Clark-Fitzpatrick, Inc. v. Long Island R. Co., 516 N.E.2d 190, 193 (N.Y. 1987); Schultz v. Gershman, 68 A.D.3d 426, 427 (1st Dep't 2009) ("Plaintiffs' unjust enrichment cause of action is barred by the existence of the contract between the parties."). HEH acknowledges that it entered into the Agreement (Answer and Countercl. (Doc 31) ¶ 42), and by asserting a counterclaim based upon the Agreement, concedes its validity. See, e.g., United States Secs. & Futures Corp. v. Irvine, No. 00 Civ. 2322 (RMB), 2003 WL 1907877, at *3 (S.D.N.Y. Apr. 16, 2003) (a defendant "acknowledged the validity and enforceability of the [contract] when" he asserted a counterclaim based on the same contract). Because the conduct alleged in support of the unjust enrichment claim falls within the breach of contract claim, the unjust enrichment claim against HEH is dismissed as redundant.

The unjust enrichment claim against Herzberg conceivably stands on different footing. In Bradkin v. Leverton, 257 N.E.2d 643, 645-46 (1970) (Fuld, C.J.), the court upheld a quasi-contract claim against a corporate officer who received the benefit of plaintiff's services, but the facts are starkly different from this case. There, consistent with a contract entered into with his employer, the plaintiff procured financing for a specific entity, and was to receive compensation for those efforts. Id. at 644. However, the defendant, an officer of the corporation for which plaintiff worked, took over the financing arrangement in his personal capacity and refused to pay the plaintiff. Id. Similarly, in Georgia Malone & Co., the plaintiff asserted an unjust enrichment claim against individual members of a limited liability company. 86 A.D.3d at 407-408. The limited liability company had entered into an agreement with the plaintiff for the LLC's potential purchase of real estate, and the plaintiff provided the LLC and the individuals with confidential information and due diligence materials to aid in the potential

transaction. Id. at 406. The plaintiff alleged that two of the LLC members wrongfully sold the confidential information to a third party, and that third party made a commission on the sale of the property using that information. Id. at 407. Notably, in neither Bradkin nor Georgia Malone was the defendant officer or member purporting to act by, through, or under the entity that had entered into the contract.

This case is quite different. There is a fully-integrated contract between Natura and HEH providing for a payment of a $150,000 fee to HEH. Natura paid HEH the money and HEH is alleged not to have done the work. Whatever benefit Herzberg received from this was through his position as a member of HEH, a limited liability company, and not in any other capacity. Plaintiff cites no case where an officer or shareholder of a corporation or member of an LLC may be held personally liable where the benefit was conferred upon the entity and not the officer, shareholder, or member.

The unjust enrichment claim against HEH and Herzberg will therefore be dismissed.

### G. Money Had And Received.

Natura purports to assert a claim against HEH and Herzberg for money had and received. "The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." Goel v. Ramachandran, 111 A.D.3d 783, 790 (N.Y. 2013). The SAC does not allege that the $150,000 transfer of funds to HEH was "the result of mistake, or [was] unlawful or unauthorized." Id. The money was paid to HEH in accordance with the

express terms of the Agreement, but an allegation of breach of contract "does not render the money transferred to [defendant] the rightful property of [plaintiff]." Id.

The money had and received claim against HEH and Herzberg will therefore be dismissed.

III. HEH'S COUNTERCLAIM AGAINST NATURA.

HEH alleges that Natura willfully defaulted in failing to consummate the loan transaction with Oz. HEH has denied that there was any fraud or breach of fiduciary duty in connection with the execution of the Oz term sheet and that "[w]ithout just reason or cause" Natura "revoked its acceptance of the [Oz] letter of intent." (Doc 31 ¶ 110.) It asserts that Natura owes it the commission it would have earned on the transaction had it proceeded to closing. (Id. ¶ 111.)

Natura, of course, does not dispute the existence of the Agreement but asserts that no commission was earned because no final deal was signed. The Agreement unambiguously provides that when HEH arranged financing from a proper source that "is secured and documented by agreement," the fee will have been earned, which then becomes payable at the later of the execution of the loan documents or the funding of the first tranche of the loan. (Agreement ¶ 6.) There is no allegation that a financing or loan agreement, as distinguished from a letter of intent or term sheet, was executed.

The Agreement, however, also contains the following provision governing a willful failure of Natura to proceed after signing a term sheet:

> [HEH] shall not be entitled to the [2% commission] if the transaction documents are not executed, excepting only that, in the event potential investor(s) or potential lender(s) and [Natura] enter into a term sheet for the Project, however the transaction is not consummated due to the court [sic] willful default of [Natura], then notwithstanding the fact that such financing does not proceed, [Natura] shall pay [HEH] its compensation

upon the occurrence of such default and the lapse of any cure period without a cure being effected, subject to the terms and conditions outlined herein.

(Id. ¶ 7.)

Thus, the parties appear to have agreed that if Natura willfully defaults after signing a term sheet, then HEH shall be entitled to its fee upon a lapse of "any cure period." The Agreement has no cure period and it may be that the parties were referring to "any cure period" in the term sheet. It suffices for present purposes to note that HEH has plausibly alleged a breach of the Agreement in that Natura entered into the term sheet with Oz and paid it $250,000, and then Natura rescinded its assent to the term sheet without cause or justification.

Defendant HEH's counterclaim for breach of contract will therefore stand.

CONCLUSION

Defendants' motion for judgment on the pleadings is GRANTED to the extent that (1) the claim for breach of contract against defendant Herzberg is dismissed and (2) the claims for breach of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, and money had and received against both defendants are dismissed. Defendants' motion for judgment on the pleadings dismissing the claims against HEH and Herzberg for fraud and breach of fiduciary duty are GRANTED in part and DENIED in part. Plaintiff's motion for judgment on the pleadings dismissing defendant HEH's counterclaim for breach of contract is DENIED. Defendant HEH's Second Counterclaim is withdrawn and dismissed. The Clerk shall terminate the motions (Docs 38 and 39.)

SO ORDERED.

                                              */s/ P. Kevin Castel*
                                              P. Kevin Castel
                                          United States District Judge

Dated: New York, New York
         February 4, 2020